IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES D. WIMBER ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:19-cv-00355 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| STEWART COUNTY, TENNESSEE, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff James D. Wimber, an inmate of the Stewart County Jail in Dover, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Stewart County, Tennessee and Sheriff f/n/u White. (Doc. No. 1). The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v.*

1

*Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.    Alleged Facts[1]

The complaint alleges that Plaintiff was an inmate of the Stewart County Jail in April 2018 and, because of unnamed staff members' "neglect and refusing to follow the protocall [sic] of their handbook of rules," (Doc. No. 1 at 3), Plaintiff's asthma turned into chronic obstructive pulmonary disease ("COPD"). Specifically, the complaint alleges that unnamed staff members refused to provide Plaintiff with the correct inhaler "that contained the medication [his] lungs needed to function without problems to [his] life or living" because it was too expensive and they

---

[1] The Court notes that Plaintiff previously filed a pro se complaint pursuant to Section 1983 in which he also raised allegations about his medical care at the Stewart County jail. *See James D. Wimber v. Stewart County*, No. 3:17-cv-01244 (M.D. Tenn. filed 9/11/17) (Trauger, J.). By Order entered on March 26, 2019, the Court dismissed that action without prejudice for failure to prosecute and comply with Orders of the Court. (*Id*., Doc. No. 110).

did not keep it on site. (*Id*. at 4-5). Plaintiff was taken later to the emergency room at an outside hospital where he received the medicated inhaler. (*Id*. at 5).

The complaint also alleges that Stewart County requires inmates to use their personal insurance to pay for needed medications and, while using Plaintiff's personal insurance to purchase his prescription medications, unnamed persons did not purchase all of the medications prescribed by Plaintiff's doctors. According to the complaint, these unnamed individuals "showed their neglect and the irresponsibility of my being cared for and taken care of medical needs as directed." (*Id*. at 5). The complaint seeks compensatory and punitive damages for the alleged denial of proper medical care at the Stewart County Jail. (*Id*. at 7-8).

**IV.   Analysis**

The complaint names two Defendants to this action: Sheriff f/n/u White and Stewart County, Tennessee.

    **A.   Defendant Sheriff f/n/u White**

The complaint names Sheriff White as a Defendant in his official capacity only. (Doc. No. 1 at 2). When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). *See, e.g., Leach v. Shelby Cnty.*, 891 F.2d 1241, 1245–46 (6th Cir. 1989) ("[The plaintiff's] suit against the Mayor and the Sheriff of Shelby County in their official capacities is, therefore, essentially and for all purposes, a suit against the County itself.").

Here, the complaint alleges that Defendant White is an employee of Stewart County, Tennessee. (Doc. No. 1 at 2). Therefore, Plaintiff's claim against Sheriff White in his official capacity is a claim against Stewart County, Tennessee. Because naming Sheriff White in his

official capacity as a separate Defendant is superfluous, Plaintiff's claims against Sheriff White in his official capacity will be dismissed.

### B. Defendant Stewart County, Tennessee

While Stewart County is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal citations and quotation marks omitted). Under Section 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the county's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Stewart County under Section 1983. The complaint alleges that Stewart County "was suppost [sic] to be supplying my medication thru [sic] state funding cause I am a state inmate . . . and [t]hey were using my insurance to purchase my medication . . . ." (Doc. No. 1 at 3). Construing the pro se complaint liberally, the complaint alleges that Stewart County has a policy whereby inmates must use their personal insurance, if they have it, to pay for the medications they receive while incarcerated in the county jail. (Doc. No. 1 at 3). While the Eighth Amendment's prohibition

4

against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that the jails provide the medical or dental care free of cost. *See Hunt v. Mohr*, No. 2:11–cv–653, 2011 WL 4467764, at *5 (S.D. Ohio Sept.26, 2011) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173–75 (3d Cir. 1997) ("If a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'")); *see also Washington v. Sommerville*, No. 98–5515, 1999 WL 253652, at *2 (6th Cir. April, 23, 1999) ("Charging inmates who can pay for medical care does not constitute deliberate indifference or violate due process.").

"It is only when medical care is denied to inmates because of their inability to pay that deliberate indifference is implicated," *Miller v. Blackwelder*, No. 4:07-cv-9, 2008 WL 2940534, at *6 (E.D. Tenn. July 24, 2008), and such is not the case before this Court. Plaintiff does not allege that he was deprived of needed medications because he did not have private insurance or because he could not afford to pay for his medications. Consequently, the payment policy about which Plaintiff complains does not violate the Constitution. *See id.* (rejecting inmate's Eighth Amendment claim based on jail's requirement that inmate submit a co-pay every time he receives medical services); *see also Johnson v. Ahmed,* No. 1:13-cv-921, 2014 WL 467334, at *3 n.1 (S.D. Ohio Feb. 5, 2014) (dismissing inmate's deliberate indifference claim based on his being charged two dollars for aspirin); *Coleman v. Whitney*, 2006 WL 3791316, at *2 (E.D. La. Dec. 21, 2006) ("Programs that require inmates to bear part of their own medical costs remain within constitutional bounds so long as the program does not condition the providing of necessary medical services on an inmate's ability to pay.").

The complaint does not identify or describe any other policy, procedure, practice, or custom of Stewart County relating to the incidents at issue. The complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged

violations of Plaintiff's rights. Instead, the crux of the complaint is Plaintiff's disagreement with decisions made by unidentified individuals at the jail regarding Plaintiff's treatment and which medications he should be taking. The complaint alleges that Plaintiff was provided with an inhaler but Plaintiff wanted a different inhaler. (Doc. No. 1 at 4). According to the complaint, unidentified individuals told Plaintiff that his desired inhaler was too expensive to be kept at the jail and he would be transported to an outside emergency room if he needed that medication; in fact, Plaintiff was transported to an emergency room at some point where he received treatment. (*Id*. at 4-5). The complaint further alleges that the Stewart County Jail now provides Plaintiff with the desired inhaler on site. (*Id*. at 5). Plaintiff contends that these allegations demonstrate the "neglect" and "irresponsibility" of unnamed individuals at the Stewart County Jail with regard to his medical care. (Doc. No. 1 at 5). However,

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The complaint does not allege that any individual acted with deliberate indifference to Plaintiff's serious medical needs. At best, the complaint alleges negligence. In any event, the complaint fails to name as a Defendant any individual allegedly involved in the negligent denial of Plaintiff's medical care.

Moreover, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the

treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* Such is the situation here, and a prisoner's difference of opinion regarding the treatment he received does not rise to the level of an Eighth Amendment violation. *See Estelle*, 429 U.S. at 107. "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

The Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Stewart County. This claim will be dismissed.

**V.     Conclusion**

Having screened the complaint pursuant to the PLRA, the Court finds that Plaintiff fails to state colorable claims under 42 U.S.C. § 1983 upon which relief can be granted. Consequently, all claims and Defendants will be dismissed. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE